UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHAQUALE RAJAH WOODHOUSE, | ) | CASE NO. 4:06 CV 2596 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DE MONTE THOMAS WOODHOUSE, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On October 26, 2006, plaintiff pro se Shaquale Rajah Woodhouse filed this in forma pauperis action against De Monte Thomas Woodhouse. The complaint alleges that defendant has written and continues to write offensive letters to plaintiff, who is incarcerated at the Ohio State Penitentiary. It is further alleged that defendant has altered legal documents concerning plaintiff and distributed them to friends and family. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim over which this court has jurisdiction, as there is no

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

federal question implicated by the allegations, and there is no suggestion that diversity of citizenship exists between the parties. This action is therefore appropriately subject to summary dismissal. See, e.g., Lowe v. Hustetler, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

Accordingly, the request to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The dismissal is without prejudice to any valid state law claim plaintiff may have under the facts alleged. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: January 4, 2007    s/   James S. Gwin
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE